L. Keith LOYD, Plaintiff–Appellant,

v.

Louis W. SULLIVAN, M.D.,* Secretary
of Health and Human Services,
Defendant–Appellee.

No. 87–2242.

United States Court of Appeals,
Seventh Circuit.

Submitted April 5, 1989.

Decided May 1, 1989 **.

Steven R. Jacobs, Indianapolis, Ind., for plaintiff-appellant.

Ted K. Yasuda, Office of the Gen. Counsel, Chicago, Ill., and Donna J. Fuchsluger, Office of the Gen. Counsel, Social Sec. Div., Baltimore, Md., for defendant-appellee.

Before BAUER, Chief Judge, and WOOD, Jr., and MANION, Circuit Judges.

PER CURIAM.

In this appeal, L. Keith Loyd contests the grant of summary judgment for defendant; the district court concluded that Loyd's civil action was not timely filed.  We affirm.

### I.

On December 12, 1984, L. Keith Loyd filed for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*  After a hearing, the Administrative Law Judge denied Loyd's application for benefits on October 18, 1985.  The Appeals Council ("Council") upheld the Administrative Law Judge's decision and, on January 15, 1986, the Council sent Loyd a letter to this effect.  The Council's letter explained that pursuant to 42 U.S.C. § 405(g), Loyd had the right to challenge the judgment by bringing a civil action within sixty days from the receipt of the notice; unless proven otherwise, the receipt date is presumed to be five days from the mailing date.

Loyd claims that he received the letter on January 21, 1986; thus his time for filing a civil action extended to March 21, 1986.  On March 10, 1986, Loyd's attorney mailed a letter to the Council asking for an exten-

---

* Pursuant to Fed.R.App.P. 43(c)(1), we have substituted the original appellee's successor to this proceeding.

** This appeal was original decided by unreported order on May 1, 1989.  Upon motion of the

appellee, the Court has subsequently decided to issue the decision, as modified, as an opinion. *See* Circuit Rule 53.

sion of time to file suit.[1] Loyd received no response to his attorney's letter; in fact, the Council claims that it never received the request.

On May 14, 1986, Loyd filed this action in the district court. The Secretary moved to dismiss Loyd's complaint on the basis that the court lacked jurisdiction since the action was not timely filed. In support of its motion, the Secretary submitted an affidavit from the official responsible for the Indiana office where Loyd's application had been filed; the official stated that no request for an extension had been received. Because the defendant had included materials outside the pleadings and had raised an affirmative defense, the district court construed the motion as one for summary judgment under Fed.R.Civ.P. 56. *See* Fed.R.Civ.P. 12(b).

The court concluded that while the sixty-day requirement presents no jurisdictional obstacle, it acts as a statute of limitation. Since Loyd had failed to file his civil action within the time frame specified by 42 U.S.C. § 405(g), his action for court review of the denial of benefits was time-barred. The court granted summary judgment for the defendant on June 3, 1987. Loyd filed a motion to vacate judgment on June 22, 1987, which the district court denied on June 29. This appeal followed on August 3, 1987.

## II.

Under 42 U.S.C. § 405(g), an individual may contest an unfavorable decision of the Secretary by filing a timely request for review in the district court. The time frame for filing is "within sixty days after the mailing to him of notice ... or within such further time as the Secretary may allow." § 405(g). The regulations specify that a claimant ask for an extension in writing, giving the reasons for the request. 20 C.F.R. §§ 404.911, 404.982. As the district court properly held, the sixty-day re-

quirement operates as a statute of limitations. *Bowen v. City of New York*, 476 U.S. 467, 478, 106 S.Ct. 2022, 2029, 90 L.Ed.2d 462 (1986); *Matthews v. Eldridge*, 424 U.S. 319, 328 n. 9, 96 S.Ct. 893, 899 n. 9, 47 L.Ed.2d 18 (1976).

The district court granted summary judgment for the defendant on the basis of § 405(g). In determining whether the district court's judgment was appropriate, we examine the record and all reasonable inferences that flow therefrom in the light most favorable to Loyd, the non-moving party. *United States v. Lair*, 854 F.2d 233, 235 (7th Cir.1988). To prevail, Loyd must demonstrate that there is a genuine issue of material fact which requires trial. *Id.*

Loyd insists that he complied with § 405(g) by sending a timely request for an extension. He argues that the district court erred in its grant of summary judgment for the defendant because a material fact exists over whether his letter was timely sent. We agree with the district court that this issue is irrelevant. Even if we were to assume that Loyd's request for an extension was timely sent, it does not necessarily follow that the Council would have granted an extension. According to the statute, the decision to grant an extension rests within the discretion of the Secretary, and so it is not enough for Loyd to show that a request was made.

Loyd counters that his request for extension met the regulatory guidelines for good cause.[2] He contends that the Council could not have denied his request without abusing its discretion under 5 U.S.C. § 706(2). He thus argues that the abuse of discretion issue is one of material fact. The suggestion of a possible abuse of discretion is mere speculation, however, and doubtful issues cannot satisfy the non-movant's burden for a summary judgment motion. *Lair*, 854 F.2d at 238.

---

1. Although his attorney did not request any specific length of time, Loyd presumes that the Council would have granted him an additional sixty-day period.

2. Loyd's attorney stated that he had been unable to meet with Loyd to prepare for filing the civil action, due to the 40–mile distance between them. We do not decide whether this reason constitutes a valid basis for an extension.

220

For these reasons, the district court's grant of summary judgment for the defendant is AFFIRMED.