**Marvin WASHINGTON, Plaintiff,**

v.

**Scott FORESMAN, and Harper Collins Publishers, Defendants.**

**No. S92–00398.**

United States District Court, N.D. Indiana, South Bend Division.

March 16, 1993.

Marvin Washington, pro se.

Frank J. Galvin, Jr., Robert H. Bahner, Hammond, IN, for defendants.

## ORDER ON MOTION TO DISMISS

ALLEN SHARP, Chief Judge.

This cause is now before the court on a Motion to Dismiss filed by the defendant, Scott Foresman and Company ("Scott Foresman"). Scott Foresman argues for dismissal pursuant to Federal Rules of Civil Procedure, Rule 12(b)(6), because the plaintiff, Marvin· Washington ("Washington"), has failed to state a claim for which relief may be granted. For the reasons stated below, the Motion to Dismiss is **DENIED.**

### I. PROCEDURAL HISTORY

Washington filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 6, 1991. The EEOC issued a notice of right to sue on April 8, 1992. On June 29, 1992,

Washington, proceeding *pro se*, presented a claim to this court together with a Motion to Proceed In Forma Pauperis. The Honorable Robert L. Miller Jr. ruled the complaint deficient. The complaint was resubmitted with the deficiency cured on August 10, 1992. Washington's Motion to Proceed In Forma Pauperis was granted on August 26, 1992. The clerk of this court entered the order granting Washington's pauper status and filed Washington's complaint on that same day.

This cause is now before the court on the defendant's Motion to Dismiss filed October 1, 1992. In an order entered on November 16, 1993, the court advised the defendants to comply with the provisions of *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir.1982). Notice of the defendants' compliance with *Lewis* was filed with the court on November 27, 1992. The court established January 15, 1993 as the deadline for the plaintiff to respond to the Motion to Dismiss. On January 15, 1993 the plaintiff filed his response to the Motion to Dismiss.

## II. ISSUES PRESENTED

The court has been asked by the defendant to dismiss this case, because the plaintiff has failed to state a claim for which relief may be granted. Fed.R.Civ.P. 12(b)(6). The specific issue the court must decide is whether the plaintiff has failed to file his cause of action with this court in a timely manner.

■ With respect to any and all issues presented, the court will review the plaintiff's filings using less stringent standards than if they had been drafted by counsel. *See, Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Smith v. Fairman*, 862 F.2d 630 (7th Cir.1988), *cert. denied*, 490 U.S. 1008, 109 S.Ct. 1645, 104 L.Ed.2d 160 (1989); and *Cain v. Lane*, 857 F.2d 1139 (7th Cir.1988).

## III. DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

By moving under Fed.R.Civ.P. 12(b)(6) for dismissal, the defendant asserts that even assuming the plaintiff's allegations are true, the complaint fails to state a claim upon which relief can be granted. This rule contains only one of several "filters" used by the courts to separate "those suits that should receive plenary consideration from those that should not." *Gomez v. Illinois State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir.1987). The rule's capacity to save the parties' and the court's resources is obvious.

However, this court must be especially careful when faced with a motion for dismissal. The court should accord the plaintiff's complaint a reasonably tolerant reading, because

the dismissal of the suit under 12(b)(6) could preclude another suit based on any theory that the plaintiff might have advanced on the basis of the facts giving rise to the first action.

*Id.* (citing, *American Nurses' Association v. State of Illinois*, 783 F.2d 716, 726–27 (7th Cir.1986)). *See also, Wright v. Bosch Trucking Co.*, 804 F.Supp. 1069, 1071 (C.D.Ill. 1992); *Stewart v. RCA Corp.*, 790 F.2d 624, 632 (7th Cir.1986). As stated by the *Stewart* court, a complaint "almost barren of facts" may comprise claims of a specific category if read liberally. *Stewart*, 790 F.2d at 632.

■ Dismissal of a complaint is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). *See also, Dawson v. General Motors Corp.*, 977 F.2d 369, 372 (7th Cir.1992). This court must accept the well-pleaded factual allegations of the complaint as true and "construe such allegations in favor of the plaintiff." *Roots Partnership v. Lands' End, Inc.*, 965 F.2d 1411, 1416 (7th Cir.1992). As a point of clarification, the court notes that it is required to accept only factual allegations; "it is not required to accept legal conclusions that may be alleged or that may be drawn from the pleaded facts." *Milwaukee v. Saxbe*, 546 F.2d 693, 704 (7th Cir.1976); *see also, Reichenberger v. Pritchard*, 660 F.2d 280, 282. (7th Cir.1981).

To escape dismissal "[a] plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action." *Marmon Group, Inc. v. Rexnord, Inc.*, 822 F.2d 31, 34 (7th Cir.1987) (citations omitted). "The complaint cannot be amended by the briefs filed by the plaintiff in opposition to a motion to dismiss." *Gomez*, 811 F.2d at 1039.

■ Likewise, the defendant may not "attempt to refute the complaint or to present a different set of allegations" in its 12(b)(6) challenge. *Id.* The defendant's attack must be against the sufficiency of the complaint; it "must demonstrate that the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Id.*

## IV. DISCUSSION

Section 2000e–5(f)(1) of Title 42 U.S.C. provides in pertinent part:

If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, ... the Commission ... shall so notify the person aggrieved and *within ninety days after the giving of such notice a civil action may be brought* against the respondent named in the charge (A) by the person claiming to be aggrieved.... Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

42 U.S.C. § 2000e–5(f)(1) (emphasis added). The general rule is that the ninety-day period begins to run upon the date the complainant receives notice of the right to sue. *Jones v. Madison Serv. Corp.*, 744 F.2d 1309, 1312 (7th Cir.1984); *St. Louis v. Alverno College*, 744 F.2d 1314, 1316 (7th Cir.1984).

■ Here, there is an issue as to when the plaintiff received the right-to-sue letter. The letter is dated April 8, 1992. The defendant argues for the application of the common law presumption that receipt occurs within five days of mailing. *Loyd v. Sullivan*, 882 F.2d 218 (7th Cir.1989); *Cook v. Providence Hosp.*, 820 F.2d 176, 179 n. 3 (6th Cir.1987); *Wagher v. Guy's Foods, Inc.*, 768 F.Supp. 321 (D.Kan.1991). In *Loyd*, the Seventh Circuit explained that "unless proven otherwise, the receipt date is presumed to be five days from the mailing date." *Loyd*, 882 F.2d at 218. Thus, here, plaintiff Washington bears the burden of rebutting the presumption that he received the letter within 5 days of its mailing.

Mr. Washington has offered no evidence to rebut this presumption. Plaintiff Washington neither admits nor denies that he received the right-to-sue letter within 5 days of April 8, 1992. Yet, he did, at some point in time, receive the letter, because he attached a copy of it to his complaint filed with this court. The right-to-sue letter was mailed to Washington at 1321 South California Avenue, Chicago, Illinois, 60608. This is the same address he gave as his address on the complaint filed with this court. On January 15, 1993, the plaintiff, again, stated that he resided at 1321 South California Avenue, Chicago, Illinois, 60608.

The right-to-sue letter is dated April 8, 1992. Christopher Goff, Associate General Counsel for Harper Collins Publishers in New York, New York, asserts, by affidavit, that he received a copy of the right-to-sue letter from the EEOC on April 13, 1992. Mr. Goff's affidavit is supported by a photocopy of the right-to-sue letter stamped as received in his office on April 13, 1992.

Thus, not only has the plaintiff offered no evidence to rebut the presumption, but all of the evidence currently before the court supports the presumption. Giving the plaintiff full benefit of the doubt, this court will assume that the letter was mailed the day after it was signed, April 9, 1992. The ninety-day period would have started to run on April 16, 1992 and expired on July 15, 1992.[1] Mr.

---

1. These dates were calculated in accordance with Rule 6 of the Federal Rules of Civil Procedure which provides in pertinent part:

In computing any period of time prescribed or allowed by these rules, by order of the court, or by any applicable statute, the day of the act, event or default from which the designated period of time begins to run shall not be included.... When the period of time allowed is less than seven [7] days, intermediate Saturdays, Sundays, legal holidays, and days on

Washington tendered his complaint and petition to proceed *in forma pauperis* to the court on June 29, 1992. In an order entered July 6, 1992, Washington's complaint was found deficient, and he was ordered to correct the deficiency within forty-five days. Washington complied and submitted a complaint with the deficiency cured on August 10, 1992. On August 26, 1992, the Motion to Proceed In Forma Pauperis was granted, the complaint was stamped "filed," and service on the defendant was initiated.

Thus, Scott Foresman was served with a complaint file stamped August 26, 1992. Nevertheless, the court finds, for the following reasons, that the plaintiff timely filed his complaint.

■ The ninety day limit of § 2000e–5(f)(1) is not a jurisdictional prerequisite. Instead it is more like a statute of limitations. *St. Louis*, 744 F.2d at 1316 n. 2 (citing, *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982)). Thus, "absent special circumstances which give rise to waiver, estoppel, or equitable tolling of the 90 day period, the Title VII action is time-barred." *Anooya v. Hilton Hotels Corp.*, 733 F.2d 48, 49 (7th Cir.1984).

The Seventh Circuit has been reluctant to extend the ninety-day period. This is in keeping with the Supreme Court's instruction that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152, 104 S.Ct. 1723, 1726, 80 L.Ed.2d 196 (1984) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826, 100 S.Ct. 2486, 2497, 65 L.Ed.2d 532 (1980)) (filing of right-to-sue letter with district court did not satisfy requirement that a complaint be filed within ninety days and later-filed complaint did not "relate back" to the filing of the right to sue letter). A more

recent Supreme Court opinion again expresses the reluctance of federal courts to extend equitable relief. For the Court, Chief Justice Rehnquist wrote:

> We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period,[2] or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.[3] We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Veterans Admin.*, 498 U.S. 89, 96, 111 S.Ct. 453, 458, 112 L.Ed.2d 435 (1990) (footnotes numbered 3 and 4 in original).

■ In this circuit, equitable tolling has been "restricted and reserved only for situations in which the claimant has made a good faith error (e.g., brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time." *Jones*, 744 F.2d at 1314. Despite its restricted use, this case presents one situation in which tolling is recognized in this circuit.

> '[A] complaint is deemed 'filed' within the meaning of Fed.R.Civ.P. 3 for purposes of invoking the court's jurisdiction over an action when it is placed in the custody of the district court clerk.' *Smith–Bey v. Hospital Adm'r*, 841 F.2d 751, 757 n. 5 (7th Cir.1988). Further, the statute of limitations is tolled during the pendency of a petition to proceed *in forma pauperis*. *Coulibaly v. T.G.I. Friday's Inc.*, 623 F.Supp. 860 (S.D.Ind.1985).

*McCrum v. Elkhart County Dept. of Public Welfare*, 806 F.Supp. 203, 208 (N.D.Ind.1992). Thus, in this case the court's jurisdiction was invoked on June 29, 1992 when Mr. Washing-

---

which the office is closed shall be excluded from the computations.

**2.** See *Burnett v. New York Central R. Co.*, 380 U.S. 424, 85 S.Ct. 1050, 13 L.Ed.2d 941 (1965) (plaintiff timely filed complaint in wrong court); *Herb v. Pitcairn*, 325 U.S. 77, 65 S.Ct. 954, 89 L.Ed. 1483 (1945) (same); *American Pipe & Construction Co. v. Utah*, 414 U.S. 538, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974) (plaintiff's timely filing of

an individual action tolled the limitations period in a related class action claim).

**3.** See *Glus v. Brooklyn Eastern District Terminal*, 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) (adversary's misrepresentation caused plaintiff to let filing period lapse); *Holmberg v. Armbrecht*, 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (same).

ton tendered his complaint and petition to proceed *in forma pauperis* to the court.

## V. CONCLUSION

The defendant requested dismissal for the stated reason that Washington failed to file suit within ninety days of receipt of the notice-of-right-to-sue letter. However, based upon the authorities and statutes cited and the reasons stated above, this court has determined that Washington timely filed his complaint. Thus, the Motion to Dismiss is **DENIED.**

**IT IS SO ORDERED.**