81 F.3d 164
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joann M. TROTTER, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of Social Security,
** Defendant-Appellee.
 No. 94-2860.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 18, 1996.*
Decided March 26, 1996.
 
 Before CUMMINGS, BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Rule 3 of the Federal Rules of Civil Procedure governs the commencement of a civil action for purposes of compliance with an applicable statute of limitations. As long as the complaint is "fil[ed]" "with the court" within the limitations period, the action is timely. Rule 5 goes on to define "filing ... with the court" as filing with the clerk of the court, with certain exceptions not applicable to this appeal. Fed.R.Civ.P. 5(e). The rules do not equate mailing with filing. Cf. Fed.R.App.P. 4(c); Lewis v. Richmond City Police Dept., 947 F.2d 733 (4th Cir.1991).
 
 
 2
 A person who seeks review of the final agency action on a disability claim under the Social Security Act must file an action in federal district court within 60 days after the date she receives notice of the agency's final decision. See Loyd v. Sullivan, 882 F.2d 218 (7th Cir.1989). In the present case Joann Trotter admits receipt of the final administrative decision on October 18, 1993. The 60th day following October 18, 1993, was Friday, December 17, 1993. Trotter states that she mailed her complaint to federal district court on December 16, 1993, the 59th day of a 60-day limitations period. As Trotter has not shown that the clerk of the court actually received the complaint the next day (the complaint bears a district court file stamp date of December 21, 1993), her action is time-barred. Trotter cites but one case in her appellate brief. That case provides no support for her assertion that the mailing of a complaint within 60 days constitutes timely filing under 42 U.S.C. § 405(g).
 
 
 3
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)
 
 
 **
 Effective March 31, 1995, the functions of the Secretary of Health & Human Services in Social Security cases were transferred to the newly-created Social Security Administration. Social Security Independence and Program Improvements Act of 1994, Pub.L.No. 103-296, 108 Stat. 1464. Pursuant to this Act and Fed.R.App.P. 43(c), Shirley S. Chater, Commissioner of Social Security, is substituted as the defendant-appellee