831 F.Supp. 733 (1993)
Robert RICH and Rodi Rich, Plaintiffs,
v.
BOB DOWNES CHRYSLER PLYMOUTH, INC., et al., Defendants.
No. 90-1552C(6).
United States District Court, E.D. Missouri, E.D.
June 2, 1993.
*734 Joseph P. Westhus, Spalding and Cullen, Chesterfield, MO, for plaintiffs.
James N. Foster, Jr., Partner, Steven S. Griswold, Associate, McMahon and Berger, St. Louis, MO, for defendants.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on plaintiffs' motion to set aside the Court's order of April 13, 1993, granting summary judgment for defendants on plaintiffs' Title VII claim.
Plaintiff Robert Rich (Rich) and his wife, Rodi Rich, filed this lawsuit on August 17, 1990, against Rich's former employer, Bob Downes Chrysler Plymouth, Inc., Robert Downes and Kathleen Downes. The complaint contends that defendants violated Title VII and the Missouri Service Letter Statute. Plaintiffs also maintain that they received threatening phone calls, including bomb threats.
On January 15, 1993, the Court entered summary judgment for defendants on Count II, which asserted violation of Missouri's service letter statute. On March 9, 1993, defendants moved for summary judgment on plaintiffs' Title VII claim. On April 7, 1993, when plaintiffs had not responded to the motion, defendants filed a motion requesting an order to show cause. The Court did not issue an order to show cause, instead granting summary judgment on April 13, 1993, for defendants. The Court's order stated that:
Defendants contend that plaintiffs filed the instant lawsuit 122 days after the EEOC issued its right-to-sue letter, thereby exceeding the 90 days prescribed by Title VII. Plaintiffs have not responded to said motion; consequently, the Court will grant defendants['] motion for summary judgment on Count I of plaintiffs' complaint.
Rich v. Bob Downes Chrysler Plymouth, Inc., No. 90-1552-C(4) (E.D.Mo. Apr. 13, 1993).
On April 12, 1993, however, plaintiffs had filed a response. On this basis, plaintiffs seek an order setting aside the order of April 13.
The following facts have not been disputed:
Robert Rich worked as a salesman for Bob Downes Chrysler-Plymouth. Rich claims that he was discharged because he is Jewish.
On July 14, 1989, Rich filed a charge with the Equal Employment Opportunity Commission (EEOC). On January 5, 1990, an attorney wrote the EEOC, advising it that he would be representing Rich in this matter.
On April 16, 1990, Rich's attorney wrote to the EEOC on Rich's behalf requesting a right-to-sue letter. On April 20, 1990, the EEOC sent a right-to-sue letter pursuant to the standard procedure at that time, by certified *735 mail with no request for a return receipt, to the address provided by Rich. Rich filed this lawsuit on August 17, 1990, 119 days after the EEOC issued the notice.
For the purpose of this motion, the parties solely dispute the date on which Rich received the notice of right to sue. Rich does not remember when he received the notice of right to sue but states that within two days after receiving the notice, he delivered the letter to his attorney. His attorney does not recall the exact date when Rich delivered the notice but avers that it was some time in early June of 1990 and that he made note that he needed to file suit on this matter before September 4, 1990. Defendants contend that they and their attorney received a copy of the notice during the week of April 23, 1990.
Under Rule 56 of the Federal Rules of Civil Procedure, a movant is entitled to summary judgment if he can "show that there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of proof is on the moving party and a court should not grant summary judgment unless it is convinced that there is no evidence to sustain a recovery under any circumstances. Foster v. Johns-Manville Sales Corp., 787 F.2d 390, 392 (8th Cir.1986). Under Rule 56(e), however, a party opposing a properly supported motion for summary judgment may not rest upon the allegations of his pleadings but must present affirmative evidence from which a jury might return a verdict in his favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).
The ninety day period for filing suit under Title VII begins to run on the day the right-to-sue letter is received at the most recent address that the plaintiff has provided the EEOC. Hill v. John Chezik Imports, 869 F.2d 1122, 1124 (8th Cir.1989). A presumption exists that the notice was received three days after its mailing. Ballwin County Welcome Center v. Brown, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984).
Rich's attorney wrote the EEOC on April 16, 1990, requesting a right-to-sue letter. On April 20, the notice was sent by certified mail. During the week of April 23, defendants received their copies. Neither Rich nor his attorney can specify the exact date on which Rich received the notice or when he brought it to his attorney. Rich does not state that he or his attorney inquired into the status of the requested notice and does not explain why neither he nor his attorney documented the belated receipt of the notice. Particularly when considering the presumption that Rich received the notice three days after its mailing, Rich has not shown that a genuine issue exists as to whether he received the notice within ninety days of initiating this action. No basis for equitable tolling has been presented. The Court will grant summary judgment for defendants on Count I.
The presence of the Title VII claim in this action gave this Court jurisdiction pursuant to 28 U.S.C. § 1331. With the resolution of that claim, the Court declines to exercise its supplemental jurisdiction over the remaining state law claim. Accordingly, Count III will be dismissed.

ORDER AND JUDGMENT
IT IS HEREBY ORDERED that plaintiffs' motion to set aside the Court's order of April 13, 1993, is granted.
Pursuant to the memorandum filed on this date and incorporated herein,
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that defendants' motion for summary judgment on Count I is granted.
IT IS FURTHER ORDERED that Count III is dismissed for lack of jurisdiction.
IT IS FURTHER ORDERED that all other pending motions are denied as moot.