**Martha M. WILLIAMS, Plaintiff,**

v.

**MISSISSIPPI ACTION FOR PROGRESS, INC., Defendant.**

Civ. A. Nos. J91–0537(B)
or 3:91–CV–537BC.

United States District Court,
S.D. Mississippi,
Jackson Division.

June 22, 1993.

**622**

Elizabeth L. Gilchrist, Jackson, MS, for plaintiffs.

Charlene Stimley Priester, Jackson, MS, for defendant.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court upon the Motion of Plaintiff Martha Williams for Reconsideration and the Motion of Plaintiff for Extension of Time. The Court finds that Plaintiff's motions should be denied.

### I. Background

After being fired from her job and filing a sexual discrimination complaint with the Equal Employment Opportunity Commission ("EEOC"), the EEOC sent Plaintiff its "De-

termination" and an enclosure entitled "Filing Suit in Federal District Court" on June 13, 1991.[1] The following instructions regarding filing a federal civil rights action are contained in the letter

> THE CHARGING PARTY MAY ONLY PURSUE THIS MATTER FURTHER BY FILING SUIT AGAINST THE RESPONDENT(S) NAMED IN THE CHARGE IN FEDERAL DISTRICT COURT WITHIN 90 DAYS OF THE CHARGING PARTY'S RECEIPT OF THIS LETTER. Therefore, if a suit is not filed within this 90 day period, the Charging Party's right to sue will be lost.

The enclosure sent with the letter provides further as follows:

> You must file a lawsuit against the Respondent named in your charge in U.S. District Court within 90 days of [the date of receipt of the letter]. Once this 90–day period is over, your right to sue will be lost. Filing this notice is not sufficient. A court complaint must contain a short statement of the facts of your case which shows that you are entitled to relief.

On June 16, 1991, Plaintiff, acting pro se, filed the "Determination" and the attachment thereto with this Court. Plaintiff, through attorney Elizabeth Gilchrist, filed her Complaint in this action on October 30, 1991.

On September 11, 1992, Defendant filed its Motion to Dismiss claiming that because Plaintiff did not properly commence this action within 90 days of the receipt of the notice of right to sue as required by 42 U.S.C. § 2000e–5(f)(1), this action should be dismissed. On December 29, 1992, in response to the resignation from the practice of law of Plaintiff's lawyer, Elizabeth Gilchrist, the Court entered an order staying proceedings in this matter until March 1, 1993, thus giving Plaintiff an opportunity to employ new

---

1. While the letter sent by the EEOC is captioned "Determination", the letter provides that it "will be the only notice of dismissal and the only notice of the Charging Party's right to sue sent by the Commission." The Court finds that the "Determination" sent by the EEOC serves in this case as the sole notice of right to sue. The Court

has been presented with nothing which establishes a distinction between this "Determination" and a "right-to-sue letter." In addition, pursuant to Rule 6(e) of the Federal Rules of Civil Procedure, the Court presumes that Plaintiff received the notice of right to sue on June 16, 1991.

counsel.[2] By letter dated January 25, 1993, Robert Marshall, Receiver for Ms. Gilchrist's files, informed Plaintiff that she should "immediately retain another attorney...." Despite such notice and an extended stay in this action, Plaintiff failed to respond to Defendant's Motion to Dismiss. The Court considered Defendant's motion without the benefit of a response from Plaintiff and on May 7, 1993, entered its Memorandum Opinion and Order in which the Court found that because the EEOC letter filed by Plaintiff within the allotted 90 day period was insufficient to satisfy the requirements of 42 U.S.C. § 2000e–5(f)(1), this action should be dismissed.[3]

On May 10, 1993, the Court received Plaintiff's Motion for Extension of Time in which Plaintiff, through new counsel, requests an additional 30 days within which to respond to Defendant's Motion to Dismiss.[4] On May 24, 1993, Plaintiff filed a Motion to Reconsider in which she argues that because she filed the EEOC "Determination" rather than "a bare right-to-sue notice," and because the EEOC "Determination" satisfies the requirements of Rules 3 and 8 of the Federal Rules of Civil Procedure as they pertain to the commencement of civil actions, the Court was mistaken in its finding that the commencement of this action was untimely.

## II.  Analysis

As set forth herein, the Court has been presented with no basis for treating the EEOC "Determination" filed by Plaintiff as anything other than a right-to-sue letter. In finding that Plaintiff's filing of the right-to-sue letter was inadequate to toll the 90–day period within which Plaintiff had to commence this action, the Court relied largely on the decision of the United States Supreme Court in *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984). Upon further review of its May 7, 1993, Memorandum Opinion and Order, the Court recognizes that the summation of the holding in *Baldwin County* contained therein was overly narrow. While the Supreme Court did find that the right-to-sue letter filed by the plaintiff in that action was insufficient to meet the requirements of 42 U.S.C. § 2000e–5(f)(1), that conclusion was reached only after it was determined that Title VII litigants are held to the same pleading standards as other civil litigants and that the right-to-sue letter filed in that action did not meet the requirements of Rules 3 and 8 of the Federal Rules of Civil Procedure.[5] The Supreme Court in *Baldwin County* did not go so far as to say that a right-to-sue letter could never in and of itself meet the pleading requirements of the Federal Rules of Civil Procedure.[6]

In *Atkins v. Marathon LeTourneau Co.,* 130 F.R.D. 625 (S.D.Miss.1990), this Court made clear that it, as do other courts in the context of Rule 59(e) motions, recognizes three possible grounds for any motion for reconsideration: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, and (3) the

---

**2.** On November 10, 1992, the Court imposed sanctions on Ms. Gilchrist for failure to respond to Defendant's motion and no response to the motion was filed prior to the issuance of the stay on December 29.

**3.** Pursuant to this finding, this action was finally dismissed on May 7, 1993.

**4.** Because the Court had ruled on Defendant's motion by the time it received Plaintiff's request for additional time within which to respond, Plaintiff's motion is dismissed as moot.

**5.** Rule 3 of the Federal Rules of Civil Procedure provides that

"[a] civil action is commenced by filing a complaint with the court." Rule 8(a) provides as follows:

A pleading which sets forth a claim for relief ... shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends ... (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

**6.** Significantly, neither the per curiam *Baldwin County* decision nor the decision in *Firle v. Mississippi State Dept. of Educ.,* 762 F.2d 487 (5th Cir.1985), those being the two cases relied upon by the Court in finding that Plaintiff's filing was insufficient, included the entire text of the right-to-sue letters which were found in those cases not to have met the pleading requirements of the Federal Rules of Civil Procedure. Consequently, the Court is unable to compare Plaintiff's filing here with the inadequate filings in *Baldwin County* and *Firle.*

need to correct a clear error of law or prevent manifest injustice." *Id.* at 626. Plaintiff presents no changes in controlling law nor does Plaintiff establish the availability of evidence not previously available. The Court considers Plaintiff's motion an attempt to establish that the ruling of the Court constitutes a "clear error of law" or "manifest injustice." While Plaintiff expresses disagreement with the determination of the Court that she did not commence this action in a timely manner, Plaintiff has not demonstrated that the May 7, 1993, ruling of the Court rises to the level of a clear error of law or manifest injustice. Accordingly, Plaintiff's motion should be denied.

In so finding, the Court notes two particular weaknesses in Plaintiff's position which were not addressed in her Motion for Reconsideration: 1) the right-to-sue letter/"Determination" filed by Plaintiff makes no demand whatsoever for judgment for the relief Plaintiff seeks as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure [7]; 2) the enclosure entitled "Filing Suit in Federal District Court" which was sent with the right-to-sue letter/"Determination" provides instruction on the minimal requirements of a complaint and expressly states that "[f]iling this notice is not sufficient." [8] While the Court is mindful of the liberality with which courts apply Rule 8 under the "notice pleading" scheme, this Court is not satisfied that it should accept a summary of a plaintiff's claim as expressed by an EEOC employee in lieu of an attempt by that plaintiff to draft a formal complaint, however cryptic it may be, when the plaintiff has been expressly instructed regarding the insufficiency of filing the notice of right to sue provided by the EEOC and has been provided further with information regarding the availability of assistance in procuring the services of a lawyer.

### III. Conclusion

Pursuant to the foregoing analysis, IT IS HEREBY ORDERED that the Motion of Plaintiff for Reconsideration is denied.

IT IS FURTHER ORDERED that the Motion of Plaintiff for Extension of Time is hereby dismissed as moot.

SO ORDERED.

---

**7.** The Court recognizes that it is unlikely that a notice of right to sue will ever include such a demand and therefore is doubtful that filing such notice would ever meet the requirements of Rule 8(a)(3).

**8.** 29 C.F.R. § 1601.28(e) provides as follows:
(e) Content of notice of right to sue.
The notice of a right to sue shall include:
(1) Authorization to the aggrieved person to bring a civil action under Title VII ... within 90 days of receipt of such authorization;
(2) Advice concerning the institution of such civil action by the person claiming to be aggrieved, where appropriate;
(3) A copy of the charge;
(4) The Commission's decision, determination, or dismissal, as appropriate.
Based on the fact that "notice" of right to sue as defined in 29 C.F.R. § 1601.28(e) includes EEOC determinations and the fact that the instructional enclosure made reference to the "determination" to which it was attached, the Court finds that the reference to "notice" in the instruction "[f]iling this notice is not sufficient" adequately informed Plaintiff that in order to properly commence an action in federal district court she was required to do more than simply file the documents sent to her by the EEOC.