Jacqueline C. STAMBAUGH, et al., Plaintiffs,

v.

KANSAS DEPARTMENT OF CORRECTIONS, et al., Defendants.

No. 92–4297–SAC.

United States District Court, D. Kansas.

Jan. 27, 1994.

**1432**

William S. Robbins, Jr., Jon A. Blongewicz, Fairchild, Stang, Beal, Barber & Sanders, Kansas City, MO, for plaintiffs.

Timothy G. Madden, Topeka, KS, for defendants.

## MEMORANDUM AND ORDER

CROW, District Judge.

The case comes before the court on the defendants' motion for dismissal or summary judgment (Dk. 25). The plaintiffs are employees with the Kansas Department of Corrections ("KDOC"). They allege discrimination on the basis of sex while working at the Ellsworth Correctional Facility. The defendants argue in their motion that the plaintiffs' Title VII claims are untimely and that KDOC must be dismissed as not having the capacity to sue or be sued.[1] The plaintiffs deny any untimeliness with their Title VII claims and offer to amend their complaint to name the State of Kansas in lieu of KDOC.

Title VII, specifically 42 U.S.C. § 2000e–5(f)(1), provides that if the Equal Employment Opportunity Commission ("EEOC") dismisses a discrimination charge or takes no action within a specified period then the EEOC "shall notify the person aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge:..." In this circuit and district, this provision has been liberally construed so that the ninety-day period for filing commences on the date that the complainant actually receives the EEOC's right-to-sue letter. *Williams v. Southern U. Gas. Co.*, 529 F.2d 483, 487 (10th Cir.), *cert. denied*, 429 U.S. 959, 97 S.Ct. 381, 50 L.Ed.2d 325 (1976); *Wagher v. Guy's Foods, Inc.*, 765 F.Supp. 667, 668 (D.Kan. 1991). A different commencement date "would unnecessarily penalize private litigants for mistakes in delivery and other delays in the mail." *Plunkett v. Roadway Express, Inc.*, 504 F.2d 417, 418–19 (10th Cir. 1974).

It is uncontroverted that the plaintiffs filed their action on December 31, 1992, ninety-two days after the EEOC issued the right-to-sue letter on September 30, 1992. The defendants contend the plaintiffs' suits are untimely unless the plaintiffs can show they received the right-to-sue letters on or after October 2, 1992.[2] In response, the plaintiffs take no position on when they actually received the EEOC's letter and offer no evidence regarding that date. Instead, the plaintiffs call on a presumption borrowed from Fed.R.Civ.P. 6(e) that the right-to-sue letter is received three days after it is mailed. In reply, the defendants argue that the plaintiffs are misapplying the presumption and that the plaintiffs have the burden of coming forward with evidence regarding the date of actual receipt.

Courts have looked to Fed.R.Civ.P. 6(e) as some basis for presuming that a plaintiff receives the EEOC's letter within three days of its mailing. *See, e.g., Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n. 1, 104 S.Ct. 1723, 1724 n. 1, 80 L.Ed.2d 196 (1984); *Williams v. Mississippi Action for Progress, Inc.*, 824 F.Supp. 621, 622 n. 1

---

1. In their reply brief, the defendants withdrew their motion to dismiss as to the defendant Gary Stotts, the Secretary of KDOC. The defendants considered their arguments resolved when the plaintiffs said that Stotts was only being sued in his official capacity as Secretary in order to obtain injunctive relief.

2. "In calculating the ninety day period, the day of receipt is omitted and the day of filing is counted." *Richardson v. Diagnostic Rehabilitation Center*, 836 F.Supp. 252 (E.D.Pa.1993) (citations omitted).

(S.D.Miss.1993); *White v. Union Pacific R.R.*, 805 F.Supp. 883, 886–87 (D.Kan.1992). What triggers this presumption and its operation are the issues here. The defendants do not take issue with whether a court has the authority to use a common-law presumption of receipt. *Cf. Washington v. Foresman*, 148 F.R.D. 241, 244 (N.D.Ind.1993), and *Wagher v. Guy's Foods, Inc.*, 768 F.Supp. 321, 323 (D.Kan.1991) (both cases applied a common-law presumption that receipt occurs within five days of the right-to-sue letter's mailing date).

■ Three circuits have held that this presumption does not automatically extend the ninety-day period by three days if the date of receipt is undisputed. *Peete v. American Standard Graphic*, 885 F.2d 331, 331–32 (6th Cir.1989); *Mosel v. Hills Dept. Store, Inc.*, 789 F.2d 251, 253 (3rd Cir.1986); *Norris v. Florida Dept. of Health and Rehabilitative Services*, 730 F.2d 682, 683 (11th Cir.1984). These decisions rest on sound reasoning. Rule 6(e) functions only when the prescribed period commences upon service by mail, and the ninety-day period of Title VII commences upon receipt, not mailing. *Peete*, 885 F.2d at 331–32; *Mosel*, 789 F.2d at 253. These decisions can be reconciled with decisions from other courts that have looked to Rule 6(e) in allowing a plaintiff three more days to file the suit. Rule 6(e) does not automatically allow a three-day extension to § 2000e–5(f)(1), but it does afford upon general reference a presumption of receipt three days after mailing if the date of receipt is unknown or in dispute. *See Mosel*, 789 F.2d at 253 n. 2; *Ish v. Arlington County Virginia*, 918 F.2d 955, unpub. op., 18 Fed. R.Serv.3d 124, 126, 1990 WL 180127 at *1, 1990 U.S.App. LEXIS 20374 at *3 (4th Cir. 1990); *Griffin v. Prince William Hosp. Corp.*, 716 F.Supp. 919, 921 n. 7 (E.D.Va. 1989). This court adopts this reconciled approach as the one most in keeping with the terms and purposes of § 2000e–5(f)(1) and Rule 6(e). Literally, Rule 6(e) cannot extend the ninety-day period, but it can serve as a logical basis for ensuring that the plaintiff has the benefit of the full ninety-day period when the date of actual receipt is unknown or in dispute. If the Rule 6(e) presumption was available even in the absence of an unknown or disputed receipt date, then it would transform the statutory ninety-day period into a ninety-three day period because the EEOC's practice is to mail right-to-sue letters.

■ Compliance with the ninety-day filing requirement is not a jurisdictional prerequisite, but it is a statutory precondition to suit that functions like a statute of limitations. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.*, 702 F.2d 857, 859 (10th Cir.1983). The burden rests with the plaintiff to prove this condition precedent when the defendant denies that the condition has been fulfilled. *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982).[3] "Dismissal of Title VII claims is proper where the plaintiff fails to meet his or her burden of proving that the complaint was timely filed in court." *Smith v. Flagship Intern.*, 609 F.Supp. 58, 61 (N.D.Tex.1985) (citation omitted).

In short, the receipt presumption is triggered by the right-to-sue letter being mailed and, more importantly for this case, by the fact that the date of actual receipt is either unknown or in dispute. Who should have the burden of proving these two conditions for the presumption? Typically, both conditions can be easily proved and determined from the briefs and record. *See, e.g., Dixon v. Digital Equipment Corp.*, 976 F.2d 725, unpub. op., 1992 WL 245867, 1992 U.S.App. LEXIS 24923 (4th Cir.1992) (no presumption—EEOC affidavit established that the plaintiff received the letter on a certain date and the plaintiff miscalculated the ninety-day period relying on that date); *Peete*, 885 F.2d at 331 (no presumption—date of receipt is not disputed); *Mosel*, 789 F.2d at 253 n. 2 (no presumption—parties agree to actual date of receipt); *Ish v. Arlington County Virginia*, 18 Fed.R.Serv. at 126, 1990 WL 180127 at *1, *2, 1990 U.S.App.Lexis 20374 at *1, *5 (presumption—receipt date disputed because the plaintiff claimed she actually received the letter the day after it was

---

**3.** The defendants in their answer have denied that the plaintiffs filed their complaints within the ninety-day period. (Dk. 10 at ¶ 18).

signed for by her apartment building's receptionist); *Griffin,* 716 F.Supp. at 921 (presumption—unclear when the plaintiff's attorney first received notice); *Pacheco v. International Business Machines Corp.,* No. 90–CV–1173, 1991 WL 87538, 1991 U.S.Dist. LEXIS 6937 (N.D.N.Y. May 24, 1991) (presumption—plaintiff averred he could not recall the actual date of receipt and the court observed the unlikelihood that the letter was received on the same day that it was mailed). Nor is it unusual for a court to resort to the presumption without specific proof of both conditions when the plaintiff appears pro se and circumstances favor the presumption or when the defendant relies on the presumption and calls for the plaintiff to rebut it with proof of actual receipt. *See, e.g., Baldwin County Welcome Center v. Brown,* 466 U.S. at 148, 104 S.Ct. at 1724 (pro se); *White v. Union Pacific R.R.,* 805 F.Supp. at 886–87 (pro se); *Rich v. Bob Downes Chrysler Plymouth, Inc.,* 831 F.Supp. 733, 735 (E.D.Mo.1993) (plaintiff unable to rebut presumption); *Wagher v. Guy's Foods, Inc.,* 768 F.Supp. at 323 (plaintiff did not rebut presumption). Allowing the defendant to use the presumption without proof of its conditions [4] is consistent with the rule that the plaintiff has the burden of proving this condition precedent and with the fact that the plaintiff is in the best position to know and prove whether the right-to-sue letter was actually received.

■ In line with these decisions, the court holds that a plaintiff here cannot rely on the three-day presumption unless that plaintiff and her attorney first aver the date on which the EEOC's right-to-sue was actually received by each or aver the fact that they are unable to recall the actual date. The defendants here are relying on the issuance date and have not offered any evidence indicating a date of actual receipt other than what can be inferred from the issuance date. Consequently, the receipt date is not disputed, and the court has no basis for using the three-day presumption unless the plaintiffs and their attorneys cannot recall the actual date of receipt. The court directs the plaintiffs and their attorneys to submit their affidavits within twenty days from the filing date of this order. At this time, the court denies the defendants' motion for summary judgment without prejudice to them renewing their motion within twenty days after the plaintiffs and their attorneys have filed their affidavits. If the defendants do not timely file another motion, the court will consider this issue of timeliness to have been resolved.

Finally, the defendants argue that KDOC is a creature of statute and that the Kansas legislature has not conferred it with the statutory authority to sue or be sued. Citing *Mason v. Twenty–Sixth Judicial Dist. of Kansas,* 670 F.Supp. 1528, 1535 (D.Kan. 1987), KDOC asks to be dismissed on this ground. The plaintiffs do not take issue with KDOC's legal position and offer for the sake of judicial economy to amend their complaint naming the State of Kansas as a defendant. Though it has been several months since the plaintiffs said they would amend their complaint, the record does not show that the plaintiffs have filed a First Amended Complaint or a motion for leave to do the same. To expedite the matter, the court treats the plaintiffs' response as a motion for leave to file a first amended complaint and grants the motion so that the plaintiffs can add the State of Kansas. If the parties can agree, this substitution of parties can be accomplished in the pretrial order with both parties saving the expense of filing additional pleadings.

IT IS THEREFORE ORDERED that the defendants' motion for summary judgment (Dk. 25) on the issue of untimeliness is denied without prejudice to the refiling of a dispositive motion on this issue within twenty days after the plaintiffs and their attorneys have filed the affidavits as set forth above;

---

4. From the cases, it appears the defendants can bring dispositive motions relying either on the issuance date of the EEOC letter or the presumed date that the plaintiff received it. If the former date is used by the defendant, then it falls on the plaintiff to show the actual date of receipt or the conditions giving rise to the receipt presumption. If the latter date is used by the defendant, then the plaintiff must rebut the presumption with proof of a different actual receipt date. Of course, the equitable tolling doctrine may also be available to a plaintiff regardless of the date used.

IT IS FURTHER ORDERED that the defendants' motion to dismiss (Dk. 25) KDOC is granted, and that the plaintiffs are granted leave to add the State of Kansas as the proper defendant.