Jimmy N. GARDNER, Plaintiff,

v.

PRISON HEALTH SERVICES, INC., Defendant.

No. CIV. A. 96–4222–DES.

United States District Court, D. Kansas.

Oct. 29, 1997.

**1258**

Jay C. Hinkel, Irwin, Clutter, Severson & Hinkel, L.L.P., Topeka, KS, for Plaintiff.

Mark A. Buck, Davis, Unrein, Hummer & Buck, L.L.P., Topeka, KS, for Defendant.

### MEMORANDUM AND ORDER

SAFFELS, Senior District Judge.

This matter is before the court on defendant's Motion to Dismiss (Doc. 7) pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction.

### I. BACKGROUND

On May 30, 1995, plaintiff received a right-to-sue letter from the Equal Opportunity Employment Commission. Plaintiff filed a complaint alleging violations of Title VII of the Civil Rights Act of 1964 against defendant Prison Health Services, Inc. ("Health Services") on August 18, 1995, in the United States District Court for the District of Kansas. This action was subsequently dismissed without prejudice by agreement of counsel on June 20, 1995. Plaintiff refiled this action on December 13, 1996, within six months of the dismissal.

### II. DISCUSSION

■ Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. INS,* 23 F.3d 1576, 1580 (10th Cir.1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v.*

*Shawnee County Bd. of County Comm'rs,* 895 F.Supp. 279, 280 (D.Kan.1995)(citing *Basso v. Utah Power and Light Co.,* 495 F.2d 906, 909 (10th Cir.1974)); Fed.R.Civ.P. 12(h)(3). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Id.* When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball,* 838 F.Supp. 1437, 1439–40 (D.Kan. 1993).

■ Defendant moves to dismiss for lack of subject matter jurisdiction because the case was filed outside the administrative filing limit of 42 U.S.C. § 2000e-5(f)(1). Mr. Gardner does not dispute the fact he filed his claim well past the administrative deadline, but he does contend that equity requires an extension of the time limit imposed by Title VII. The Tenth Circuit has expressly held that compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, but is a condition precedent to suit that functions like a statute of limitations and is subject to equitable tolling. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983) (citing *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 392–93, 102 S.Ct. 1127, 1131–32, 71 L.Ed.2d 234, (1982)). "The burden rests with the plaintiff to prove this condition precedent when the defendant denies that the condition has been fulfilled." *Stambaugh v. Kansas Dept. of Corrections,* 844 F.Supp. 1431, 1433 (D.Kan.1994)(citing *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1010 (11th Cir.1982)).

■ A court must determine the propriety of equitable tolling on a case-by-case basis. *Gonzalez–Aller Balseyro,* 702 F.2d at 859. Equitable tolling may be appropriate where "the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights ...." *Million v. Frank,* 47 F.3d 385, 389 (10th Cir.1995)(quoting *Carlile v. South Routt Sch. Dist. RE 3–J,* 652 F.2d 981, 985 (10th Cir.1981)). Equitable tolling may also

be appropriate where a plaintiff has been "lulled into inaction by her past employer, state or federal agencies, or the courts." *Martinez v. Orr,* 738 F.2d 1107, 1110 (10th Cir.1984). *Carlile,* 652 F.2d at 985.

█ As evidence that he was "actively misled" or "lulled into inaction," Mr. Gardner points out that the case was dismissed by stipulation. Plaintiff's counsel contends he entered the stipulation because Prison Health suggested he would be able to refile. In support, he attaches a letter from Prison Health's former counsel, John Tongier, in which Mr. Tongier wrote "... I believe we could proceed in a more orderly fashion on this case by your filing of a dismissal, without prejudice, and if Mr. Gardner chooses to pursue the matter further, you can always refile." Defendant points out that Mr. Tongier did not affirmatively state that Prison Health waived the statute of limitations or that it agreed to be bound by the Kansas saving statute, Kan. Stat. Ann. § 60–518. Defendant also notes that conspicuously missing from the agreed order of dismissal was any explicit agreement concerning plaintiff's right to refile his action. Plaintiff's counsel dismissed the claim on his mistaken assumption he could refile within six months, defendant argues, therefore he should not be able to invoke equity because he unjustifiably relied on his own misapprehension.

The court notes that Mr. Tongier's letter was written well after the administrative filing deadline had passed. Clearly, Mr. Tongier was aware of this and must have contemplated that any refiling by the plaintiff would necessarily fall outside the limitation period. The only logical interpretation of Mr. Tongier's letter, therefore, is that he intended to waive, albeit implicitly, his client's right to rely on the expiration of the applicable limitations period as a defense to plaintiff's action. Indeed, to construe the letter otherwise would, in this court's opinion, violate common sense or require an inference of bad faith on the part of Mr. Tongier. Such inference would then support Mr. Gardner's claim that he was actively and purposely mislead. Either way, construing the facts in a light most favorable to the plaintiff, it would be improper for the court to grant defendant's motion.

**IT IS THEREFORE BY THE COURT ORDERED** that defendant's Motion to Dismiss (Doc. 7) is denied.