Clarence YOUNG, Plaintiff,

v.

DESCO COATINGS OF KANSAS, INC., Defendant.

Civ.A. No. 97–2670–KHV.

United States District Court, D. Kansas.

June 30, 1998.

Clarence Young, Kansas City, MO, Pro se.

Steven S. Griswold, Griswold Law Firm, P.C., Kansas City, MO, for Clarence Young.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Plaintiff Clarence Young alleges that defendant discriminated against him because of his age and race, in violation of federal and state law. This matter comes before the Court on *Defendant Desco Coatings, Inc.'s Motion to Quash Summons and Dismiss Action* (Doc. # 7) filed May 14, 1998, on the following grounds: (1) plaintiff failed to exhaust administrative remedies under the Kansas Age Discrimination in Employment Act and the Kansas Act Against Discrimination; (2) plaintiff failed to file suit within ninety days following receipt of the EEOC's right-to-sue letter; (3) insufficiency of service of process; and (4) failure to make service upon defendant within one hundred twenty

days from the filing of the complaint. For the following reasons, the Court finds that defendant's motion should be sustained.

### Motion to Dismiss Standards

Defendant asks the Court to dismiss plaintiff's complaint for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1).[1] Defendant asserts that plaintiff did not fulfill the prerequisite conditions of exhaustion of state administrative remedies and filing suit within ninety days following receipt of the EEOC's right-to-sue letter.

Federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so. *Castaneda v. I.N.S.*, 23 F.3d 1576, 1580 (10th Cir.1994). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. *Basso v. Utah Power and Light Co.*, 495 F.2d 906, 909 (10th Cir.1974). When federal jurisdiction is challenged, plaintiff bears the burden of showing why the case should not be dismissed. *Jensen v. Johnson County Youth Baseball*, 838 F.Supp. 1437, 1439–40 (D.Kan. 1993).

Challenges to jurisdiction under Rule 12(b)(1) usually take two forms: facial attacks on the sufficiency of jurisdictional allegations and factual attacks on the accuracy of those allegations. *Holt v. United States*, 46 F.3d 1000, 1002–3 (10th Cir.1995). Defendant's motion falls within the former category because both parties have relied only on plaintiff's complaint. In reviewing a facial attack on the complaint, the Tenth Circuit has stated that "a district court must accept the allegations in the complaint as true." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir.1990)).

### Factual Background

Plaintiff alleges the following facts, which we deem to be true for the purposes of the pending motion to dismiss:

Clarence Young, a black male, was born in August of 1945. Compl. ¶ 6. Because of his age and race, plaintiff falls within the protected groups under the Age Discrimination Employment Act [ADEA], 29 U.S.C. § 626 *et seq.*, and Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq. Id.* Defendant Desco Coatings employed plaintiff until' his termination on December 31, 1997. *Id.* at ¶ 8. Plaintiff alleges several acts of age and race discrimination, including (1) giving better and more lucrative assignments to younger employees, (2) assigning work based on race of employee, (3) terminating plaintiff because of his age and race, and (4) filing plaintiff's former position with a younger, non-minority employee. *Id.* at ¶¶ 13, 14, 18, 27, 30. Plaintiff filed a complaint of age and race discrimination with the Equal Employment Opportunity Commission [EEOC] within 180 days of his termination, and, on September 23, 1997, the EEOC issued him a "right to sue" letter. *Id.* at ¶¶ 9–10. Plaintiff claims age and race discrimination under the ADEA and Title VII, and also under the Kansas Age Discrimination in Employment Act [KADEA], K.S.A. § 44–1111 *et seq.*, and the Kansas Act Against Discrimination [KAAD], K.S.A. § 44–1001 *et seq. Id.* at ¶¶ 5, 22, 35.

### Analysis

Defendant argues that plaintiff's claims should be dismissed for lack of subject matter jurisdiction because plaintiff failed to fulfill prerequisite conditions to suit in federal court.[2] First, defendant contends that plaintiff failed to exhaust state administrative remedies under KADEA and KAAD. Second, defendant argues that plaintiff failed to file suit within 90 days following receipt of the EEOC's right-to-sue letter, and that suit under the ADEA and Title VII is therefore barred.

The Court agrees with defendant that plaintiff has failed to allege exhaustion of state administrative remedies under KADEA

---

1. Since dismissal is appropriate under Rule 12(b)(1), the Court need not address defendant's additional argument that plaintiff's complaint fails to state a claim under Fed.R.Civ.P. 12(b)(6).

2. Because the Court finds that plaintiff cannot sustain the current action on other grounds, it need not address defendant's argument that service of process was insufficient and that service was not within 120 days from filing of the complaint, pursuant to Rule 4(m), Fed.R.Civ.P.

and KAAD. Both the KADEA and KAAD require plaintiff to exhaust administrative remedies before filing suit. *See* K.S.A. § 44–1111 through § 44–1121; K.S.A. § 44–1010. "No cause of action ... shall accrue in any court" unless the party dissatisfied with the decision by the Kansas Human Rights Commission has petitioned that agency for reconsideration. K.S.A. § 44–1010. Thus a plaintiff who has failed to exhaust administrative remedies may not prosecute a civil action under KAAD or KADEA. *Davidson v. MAC Equipment, Inc.,* 878 F.Supp. 186, 189 (D.Kan.1995); *Clary v. Marley Cooling Tower Co.,* 1997 WL 150048, *11 (D.Kan.). Plaintiff bears the burden of establishing that he has exhausted administrative remedies. *Morris v. Kansas Dep't of Revenue,* 849 F.Supp. 1421, 1427 (D.Kan.1994).

■ In the complaint, plaintiff alleges that he has exhausted his administrative remedies, but he does not allege that he has filed anything with the Kansas agency responsible for administering the KADEA or KAAD. Plaintiff argues that he exhausted his administrative remedies by filing charges of discrimination with the EEOC, and he relies on *Morris* as authority for the proposition that he was only required to file with the EEOC. *Morris* does not stand for this proposition. *See Morris,* 849 F.Supp. at 1427–28 (concerning worksharing agreement between EEOC and KHRC); *see also Clary,* 1997 WL 150048 at *11. Because plaintiff does not claim that he filed any charges of discrimination with the appropriate Kansas agency, he cannot meet his burden of pleading exhaustion of state remedies. Defendant's motion to dismiss must therefore be sustained as to his discrimination claims under KADEA and KAAD.

Defendant also argues that plaintiff failed to file suit within 90 days following receipt of the EEOC's right-to-sue letter. Plaintiff filed suit on December 26, 1997, ninety-four days after the EEOC issued the right-to-sue letter on September 23, 1997. Defendant contends that plaintiff's claims are untimely. Plaintiff argues that he is entitled to the presumption created by Rule 6(e), Fed.R.Civ. P., that a person receives a notice three days after the date of mailing. Plaintiff takes no position regarding when he actually received the notice. Defendant's counsel received it, however, on September 24, 1997.

■ Three circuits have held that Rule 6(e) functions only when the date of receipt is unknown or disputed. *Peete v. American Standard Graphic,* 885 F.2d 331, 331–32 (6th Cir.1989); *Mosel v. Hills Dept. Store, Inc.,* 789 F.2d 251–253 (3rd Cir.1986); *Norris v. Florida Dept. of Health and Rehabilitative Services,* 730 F.2d 682, 683 (11th Cir.1984). If the date of receipt is known, then the presumption does not extend the ninety-day period. *Peete,* 885 F.2d at 331–32; *Mosel,* 789 F.2d at 253. Therefore Rule 6(e) does not automatically extend the ninety-day period into a ninety-three day period, but it affords a presumption of receipt three days after mailing when the date of receipt is unknown or disputed. *See Mosel,* 789 F.2d at 253; *Stambaugh v. Kansas Dept. of Corrections,* 844 F.Supp. 1431, 1433 (D.Kan. 1994).

Compliance with the ninety-day requirement is a statutory precondition that functions like a statute of limitations. *Gonzalez–Aller Balseyro v. GTE Lenkurt, Inc.,* 702 F.2d 857, 859 (10th Cir.1983). When the defendant denies that the precondition has been fulfilled, the burden is on plaintiff to prove that suit was filed within the required period. *Jackson v. Seaboard Coast Line R. Co.,* 678 F.2d 992, 1010 (11th Cir.1982). By requiring a relatively short filing period, Congress intended for claimants to act efficiently and without unnecessary delay. *Harvey v. City of New Bern Police Dep't,* 813 F.2d 652, 654 (4th Cir.1987). "There is no reason to invite abuse of a clear Title VII provision, especially where the flexibility to consider equitable factors would obviate any potential unfairness to a litigant." *Million v. Frank,* 47 F.3d 385, 388 (10th Cir.1995). *Cf., Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 148, 104 S.Ct. 1723, 1724, 80 L.Ed.2d 196 (1984) (filing complaint 96 days after issuance of right-to-sue letter did not satisfy ninety-day requirement); *Mosley v. Pena,* 100 F.3d 1515, 1518 (10th Cir.1996) (filing complaint 94 days after plaintiff's attorney received right-to-sue letter did not satisfy ninety-day requirement).

Plaintiff has not stated when he or his counsel received the right-to-sue letter, nor has he alleged that he cannot recall the date of receipt. Plaintiff does not articulate any equitable factors that might toll the ninety-day requirement. Other courts have not allowed plaintiffs to rely on the Rule 6(e) presumption without pleading an actual receipt date or pleading that the receipt date is unknown. *See e.g., Stambaugh,* 844 F.Supp. at 1434. Moreover, even giving plaintiff the benefit of the three-day presumption, suit was still untimely filed. The Court therefore grants defendant's motion to dismiss plaintiff's discrimination claims under the ADEA and Title VII.

**IT IS THEREFORE ORDERED** that *Motion to Quash Summons and Dismiss of Defendant Desco Coatings of Kansas, Inc.* (Doc. # 7) filed May 14, 1998 be and hereby is sustained.