**Vaughn L. PEETE, Plaintiff–Appellant,**

v.

**AMERICAN STANDARD GRAPHIC, et al., Defendants–Appellees.**

No. 88–6087.

United States Court of Appeals,
Sixth Circuit.

Argued June 8, 1989.

Decided Sept. 19, 1989.

Richard B. Fields (argued), Cox & Fields, Memphis, Tenn., for plaintiff-appellant.

Leo Bearman, Jr., Stephen H. Biller (argued), Heiskell, Donelson, Bearman, Adams, Williams & Kirsch, Memphis, Tenn., for defendants-appellees.

Before KEITH and NORRIS, Circuit Judges, and EDWARDS, Senior Circuit Judge.

KEITH, Circuit Judge.

Plaintiff, Vaughn L. Peete, appeals from the grant of summary judgment in favor of his former employer in this action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* The sole issue presented by this appeal is whether Fed.R.Civ.P. 6(e) extends the statutory ninety-day period within which suit must be brought under Title VII, 42 U.S.C. § 2000e–5(f)(1), by three days where, as is the usual practice, the right-to-sue letter is mailed to the plaintiff. Because we conclude that no such expansion is effected, we affirm.

The facts underlying this appeal are undisputed. Peete filed charges alleging discrimination with the Equal Employment Opportunity Commission (EEOC) on June 10, 1986. Peete received a right-to-sue letter from the EEOC on March 26, 1987. He then filed this action in the district court on June 25, 1987. Thus, ninety-one days elapsed between Peete's receipt of his right-to-sue letter and the filing of his complaint, or one more day than the ninety day limit under 42 U.S.C. § 2000e–5(f)(1).

Peete argues that, because the right-to-sue letter was mailed to him, Fed.R.Civ.P. 6(e) operated to provide him with ninety-three days within which to act. Rule 6(e) provides that:

> Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or another paper upon him and the notice or paper is served upon him by mail, three days shall be added to the prescribed period.

However, it is impossible to understand the purpose of Rule 6(e) without reference to Fed.R.Civ.P. 5(b), which provides that service by mail is complete upon mailing. *Norris v. Florida Department of Health and Rehabilitative Services,* 730 F.2d 682, 683 (11th Cir.1984). When taken together with Rule 5(b), it is easy to perceive the purpose of Rule 6(e)—"to protect parties who are served notice by mail from suffering a systematic diminution of their time to respond through the application of Rule 5(b) ..." 4A Wright and Miller § 1171; *Kessler Institute for Rehabilitation v. NLRB,* 669 F.2d 138, 141 (3rd Cir.1982).

In contrast with Rule 5(b), 2000e–5(f)(1) requires that a complaint be filed within ninety days after the right-to-sue notice is actually *received.* The mailing time from

the EEOC to the plaintiff works absolutely no hardship; therefore, no discernable purpose is served by applying Rule 6(e). *Mosel v. Hills Department Store, Inc.,* 789 F.2d 251, 253 (3rd Cir.1986); *Norris,* 730 F.2d at 683.

It is undisputed that Peete filed his complaint more than ninety days after he received this right-to-sue letter. In the absence of waiver, estoppel or equitable tolling, *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982), none of which are present here, the district court was correct in granting summary judgment for defendants and in dismissing Peete's complaint.

Accordingly, for the foregoing reasons, the judgment of the district court, the Honorable Jerome Turner, Western District of Tennessee, is affirmed.