972 F.2d 347
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Donna FISCHER, Plaintiff-Appellant,
v.
Sandra JENKINS, et al., Defendants-Appellees.
 No. 92-3307.
 United States Court of Appeals, Sixth Circuit.
 Aug. 10, 1992.
 
 1
 Before RALPH B. GUY, Jr. and RYAN, Circuit Judges, and HULL, District Judge.*
 
 ORDER
 
 2
 This pro se Ohio plaintiff appeals the district court's judgment dismissing her claims of employment discrimination filed under Title VII, 42 U.S.C. § 2000e-5. She requests the appointment of counsel and has filed a motion for pauper status on the appeal. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Donna Fischer was employed by the Pauline Warfield Lewis Center in Cincinnati, Ohio from July 1979 until November 1990. In her amended complaint, filed against more than eighty defendants, Fischer alleged that she had been harassed on the job by black employees and that she was discharged after making complaints about discriminatory treatment. She alleged that discriminatory acts occurred in March 1985 and 1986. She also stated that she received a right-to-sue letter from the EEOC on April 19, 1991. Her complaint was filed on July 19, 1991, ninety-one days after she allegedly received the right-to-sue letter.
 
 
 4
 Upon review we conclude that the complaint was properly dismissed as untimely. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Peete v. American Standard Graphic, 885 F.2d 331, 332 (6th Cir.1989).
 
 
 5
 A complaint filed under Title VII of the Civil Rights Act must be filed within ninety days after the right-to-sue notice from the EEOC is actually received. See 42 U.S.C. § 2000e-5(f)(1); Peete, 885 F.2d at 331. The time limit can be extended only when warranted on grounds of waiver, estoppel or equitable tolling. See Zipes, 455 U.S. at 393. Fischer has not alleged, and a liberal reading of the record does not suggest, that these exceptions apply.
 
 
 6
 Moreover, her complaint was subject to dismissal under Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief could be granted. See Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir.1988). Her allegations were vague and conclusory and, even if taken as true, see id., were insufficient to make a prima facie showing of intentional discrimination. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 256 (1981).
 
 
 7
 Accordingly, the requests for pauper status and for appointment of counsel are denied, and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, U.S. District Judge for the Eastern District of Tennessee, sitting by designation