110 F.3d 64
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Shirley HURLEY, Plaintiff-Appellant,
v.
TENNESSEE DEPARTMENT OF HUMAN SERVICES, Defendant-Appellee.
 No. 96-5425.
 United States Court of Appeals, Sixth Circuit.
 March 27, 1997.
 
 Before: KENNEDY, KRUPANSKY, and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 Shirley Hurley, proceeding pro se, appeals a district court judgment dismissing her civil rights action filed under 42 U.S.C. §§ 2000e et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Hurley, an African-American female, sued the Tennessee Department of Human Services, alleging that the defendant engaged in various acts of harassment which eventually forced her to resign. Hurley appeared to argue that her earlier filing of a complaint in state court tolled the time period for filing Title VII actions. Upon review, the district court dismissed the complaint as frivolous under 28 U.S.C. § 1915(d) (current version at 28 U.S.C.A. § 1915(e)(2)(B)(i) (West 1996)), because Hurley did not file a timely complaint.
 
 
 3
 Hurley has filed a timely appeal, essentially reasserting her argument that her employer's actions forced her to resign.
 
 
 4
 Initially, we note that Hurley does not raise her argument that her earlier filing of a complaint in state court tolled the time period for filing Title VII actions on appeal. Thus, we consider this issue abandoned and not reviewable on appeal. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 
 5
 Upon review, we conclude that the district court properly dismissed the complaint for the reasons stated in its memorandum opinion dated February 16, 1996. See Denton v. Hernandez, 504 U.S. 25, 31-32 (1992). Hurley did not file her complaint within ninety days after she had received her right-to-sue letter from the Equal Employment Opportunity Commission. See 42 U.S.C. § 2000e-5(f)(1); Peete v. American Standard Graphic, 885 F.2d 331, 332 (6th Cir.1989). Moreover, Hurley has not alleged, on appeal, any facts that would justify equitable tolling, and none are apparent from the record. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Banks v. Rockwell Int'l North Am. Operations, 855 F.2d 324, 326 (6th Cir.1988).
 
 
 6
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.