Walter MCGHEE, II, Plaintiff–
Appellant,

v.

DISNEY STORE;  Profession-
al Staffing Company, De-
fendants–Appellees.

No. 02–5420.

United States Court of Appeals,
Sixth Circuit.

Dec. 11, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

## ORDER

Walter McGhee, II, a Tennessee litigant proceeding pro se, appeals a district court order dismissing his employment discrimination complaint filed under the Americans with Disabilities Act ("ADA") (42 U.S.C. §§ 12111–12117). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

McGhee was born without a right ear because of a congenital birth defect. On February 27, 2001, McGhee filed his complaint alleging that the defendants, the Disney Store and Professional Staffing Company, terminated his employment in September of 2000 because of a perceived disability. The complaint is accompanied by a copy of a right-to-sue letter issued by the Equal Employment Opportunity Commission ("EEOC") on November 27, 2000. On April 23, 2001, the district court directed McGhee to amend his complaint to demonstrate that he filed this action within 90 days of receiving the right-to-sue letter or, if he did not, to show good cause for extending the statute of limitations through equitable tolling. The district court ordered McGhee to file his amend-

ment within 20 days of entry of the order. The order was entered on April 24, 2001.

On May 15, 2001, McGhee filed a document styled, "Notice of Amended Complaint," in which he cited Fed.R.Civ.P. 6(a) and (e) in an effort to demonstrate that his complaint was timely. The district court ultimately determined that the complaint was time-barred and dismissed the case pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). This appeal followed.

Initially, we note that although McGhee uses a pre-printed Title VII complaint form, he clearly invokes the ADA as his cause of action in the complaint and his Notice of Amended Complaint.

This court reviews de novo a judgment dismissing a suit under 28 U.S.C. § 1915(e)(2)(B)(ii). See McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir.1997). The district court may dismiss a complaint for failure to state a claim on which relief may be granted only if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Brown v. Bargery, 207 F.3d 863, 867 (6th Cir.2000).

Upon review, we conclude that the district court properly dismissed the complaint. McGhee's ADA claims are time-barred. A plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right to sue letter from the EEOC. See 42 U.S.C. § 12117(a); Peete v. Am. Standard Graphic, 885 F.2d 331, 331–32 (6th Cir.1989). McGhee did not file his complaint within 90 days after he had received his right-to-sue letter from the EEOC. Moreover, equitable tolling is not appropriate in this case. See Andrews v. Orr, 851 F.2d 146, 151 (6th Cir.1988). Insofar as McGhee argues for the first time

---

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

on appeal that he actually received his EEOC right-to-sue letter two days later than the date alleged in his complaint, the argument is deemed waived due to McGhee's failure to raise it in the district court. *See Chao v. Hall Holding Co.*, 285 F.3d 415, 427 (6th Cir.2002).

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.

Before MARTIN, Chief Judge; DAUGHTREY, Circuit Judge; and O'MALLEY, District Judge.*