Robert MAYERS, on behalf of other similar situated persons of present and former employees subject to third party administrator, independent contractor, Sedgwick Claims Management Services, Inc., Plaintiff–Appellant,

v.

SEDGWICK CLAIMS MANAGEMENT SERVICES, INC., Defendant–Appellee.

No. 03–5708.

United States Court of Appeals, Sixth Circuit.

June 10, 2004.

Robert Mayers, Nashville, TN, pro se.

Tim K. Garrett, Bass, Berry & Sims, Nashville, TN, for Defendant–Appellee.

Before: KEITH, CLAY, and GIBBONS, Circuit Judges.

*ORDER*

Robert Mayers, a pro se Tennessee litigant, appeals a district court judgment

dismissing his complaint filed pursuant to 42 U.S.C. §§ 1981, 1983, 1985, Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.,* the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.,* and asserting state law claims. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Mayers is an employee of the Tennessee Department of Corrections. The defendant is a corporation under contract with the state to handle the verification and approval of compensable claims for state employees. During the course of his employment, Mayers apparently suffered some injuries. The complaint suggests that there is a dispute between the parties over the diagnosis, medical care, and payment of several claims for which Mayers sought workers' compensation benefits. Seeking twenty million dollars in damages, Mayers contended that the defendant mishandled his claims for workers' compensation and is liable to him pursuant to the aforementioned statutes and pendent state law claims which include breach of contract, gross negligence, fraud, and breaches of duty and due care.

The magistrate judge concluded that Mayers had failed to state an actionable claim implicating a federal question and recommended that the defendant's motion to dismiss be granted, that Mayers's federal claims be dismissed with prejudice, and that Mayers's state law claims be dismissed without prejudice. The district court adopted the magistrate judge's report and recommendation over Mayers's objections and dismissed the complaint pursuant to Fed.R.Civ.P. 12(b)(6).

Mayers appeals the district court's judgment granting the defendant's motion to dismiss and essentially reasserts the claims set forth in the district court.

Whether the district court properly dismissed a suit pursuant to Fed.R.Civ.P. 12(b)(6) is a question of law subject to de novo review. *Yuhasz v. Brush Wellman, Inc.* 341 F.3d 559, 562 (6th Cir.2003). The court must construe the complaint in a light most favorable to the plaintiff, accept all the factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. *Id.*

Upon review, we conclude that Mayers's claims arising under 42 U.S.C. § 1981 are meritless. To state a claim under § 1981, the plaintiff must allege that he was treated differently because of his race. *Johnson v. Univ. of Cincinnati,* 215 F.3d 561, 572 (6th Cir.2000); *Long v. Ford Motor Co.,* 496 F.2d 500, 504 (6th Cir. 1974). In order to prove his claim, the plaintiff must establish: 1) membership in a racial minority; 2) that the defendant intended to discriminate on the basis of race; and 3) discrimination concerning one of the activities enumerated in § 1981. *Brown v. City of Oneonta,* 221 F.3d 329, 339 (2nd Cir.2000); *Hampton v. Dillard Dep't Stores, Inc.,* 247 F.3d 1091, 1101 (10th Cir.2001); *Morris v. Office Max, Inc.,* 89 F.3d 411, 413–14 (7th Cir.1996). Mayers's complaint is devoid of any mention of his race (African–American) or any factual allegation suggesting that the defendant has ever acted in a racially offensive manner. Consequently, Mayers has failed to state a claim upon which § 1981 relief can be granted.

Mayers's claims arising under 42 U.S.C. § 1983 are meritless. Mayers claims that his rights were violated by the defendant's agents and employees and that the defendant is liable under the theory of respondeat superior. The doctrine of respondeat superior does not apply in § 1983 lawsuits

to impute liability onto supervisory personnel; rather, in order to find them liable, a plaintiff must allege that the supervisors condoned, encouraged or knowingly acquiesced in the alleged misconduct. *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999). Mayers's complaint is devoid of any such showing. Consequently, Mayers has failed to state a claim upon which § 1983 relief can be granted.

Mayers's claims arising under § 1985 are meritless. Section 1985(3) only covers conspiracies against: 1) classes who receive heightened protection under the Equal Protection Clause; and 2) those individuals who join together as a class for the purpose of asserting certain fundamental rights. *Bartell v. Lohiser,* 215 F.3d 550, 559 (6th Cir.2000). Thus, the plaintiff must show that the conspiracy was motivated by racial, or other class-based, invidiously discriminatory animus. *Griffin v. Breckenridge,* 403 U.S. 88, 102–03, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971). Mayers's complaint makes no such showing of racial animus, and the complaint does not allege that the defendant conspired with any other entity to take any action against him. Thus, Mayers has failed to state a claim upon which § 1985 relief can be granted.

Mayers's claims arising under 42 U.S.C. § 2000e (Title VII) and the Americans with Disabilities Act (ADA) are meritless. Before filing a Title VII claim, a plaintiff must receive a right-to-sue letter from the Equal Employment Opportunity Commission (EEOC) and then file suit within ninety days after receiving the right-to-sue letter. 42 U.S.C. § 2000e–5(e) and (f); *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974). Mayers failed to file a timely charge with the EEOC and failed to obtain a right-to-sue letter as is required before bringing a claim under Title VII. Similarly, a plaintiff seeking relief under the ADA must file suit within ninety days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 12117(a); *Peete v. Am. Standard Graphic,* 885 F.2d 331, 331–32 (6th Cir.1989). Mayers failed to file a timely charge with the EEOC and failed to obtain a right-to-sue letter as is required before bringing a claim under the ADA. Failure to timely exhaust administrative remedies is an appropriate basis for dismissal of a Title VII or ADA action. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The exhaustion of administrative remedies is a condition precedent to a Title VII or ADA action. *Zipes v. TWA,* 455 U.S. 385, 392–98, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982) (Title VII); *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 309 (6th Cir. 2000) (ADA). Equitable tolling is not appropriate in this case. *See Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988).

Finally, we conclude that the district court properly declined to consider Mayers's state law claims. Mayers asserted state law claims which included breach of contract, gross negligence, fraud, and breaches of duty and due care. However, having found no basis for federal jurisdiction, the district court properly declined to exercise jurisdiction over any supplemental state law claim. *See United Mine Workers v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Weeks v. Portage County Executive Offices,* 235 F.3d 275, 279–80 (6th Cir.2000).

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.