**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 18a0357n.06

Case No. 18-3011

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jul 20, 2018
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| KEVIN JONES, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| NATURAL ESSENTIALS, INC., | ) | OHIO |
| | ) | |
| Defendant-Appellee. | ) | |

BEFORE: NORRIS, DONALD, and BUSH, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** Plaintiffs-Appellants were terminated from their jobs at Natural Essentials, Inc. ("Natural Essentials") in September 2013. In January 2016, Plaintiffs brought suit against Natural Essentials in federal court, asserting two federal claims under the Americans with Disabilities Act ("ADA") and three state law claims under Ohio law. Natural Essentials moved to dismiss on two primary grounds: Plaintiffs failed to exhaust their administrative remedies under the ADA, and Plaintiffs also failed to state a claim upon which relief could be granted. The district court granted Natural Essential's motion to dismiss, dismissing the federal claims with prejudice and declining to exercise supplemental jurisdiction over the state law claims. Plaintiffs moved for reconsideration, which the district court denied. For the reasons below, we AFFIRM.

I.

Natural Essentials is a family-owned corporation based in Ohio that manufactures and distributes cosmetics and other personal care products.  Plaintiffs Kevin Jones ("Kevin"), Teresa Jones ("Teresa"), and Rob Lovejoy ("Lovejoy") are citizens of Ohio and former Natural Essentials employees, all hired in August 2013.

The events giving rise to this case began on September 15, 2013, when Teresa fell while attempting to avoid being stung by bees on Defendant's property during a paid work break.  Teresa sustained injuries to her right shoulder, which caused "immediate severe, debilitating and ongoing right shoulder pain."  Despite her injuries, Teresa returned to work and completed her shift.  *Id.* On that same day, Lovejoy texted Teresa on the cell phone of a coworker, Alice Worman, that Teresa could file a workers' compensation claim for her injuries.  Teresa did so on September 17, 2013.

In their complaint, Plaintiffs alleged that Teresa promptly reported her fall to her immediate supervisor, Faith Owens ("Owens"), who informed the owner of Natural Essentials, Gary L. Pellegrino ("Pellegrino"), "that there was 'no incident' and that [Teresa's fall] 'wasn't a big deal.'" According to Plaintiffs, Owens also told Pellegrino that "everything was fine."  Plaintiffs allege that, in response to the injury report, Pellegrino instructed Owens to retroactively terminate Teresa on September 14, 2013.  Plaintiffs allege that Teresa was paid as an independent contractor for her work on September 15, 2013.  Plaintiffs also allege that Teresa and her son, Kevin, were both terminated on September 16, 2013.  According to Plaintiffs, Pellegrino claimed he had already decided to terminate both on September 14, 2016, though neither had any disciplinary or other work issues.

After learning that Teresa and Kevin were terminated, Lovejoy texted Teresa again on Worman's cell phone, suggesting that Teresa and her son should sue Natural Essentials. Plaintiffs claim that Worman disclosed the messages to Owens, who shared them with Pellegrino, which resulted in Lovejoy's termination on September 17, 2013.

On January 14, 2016, Plaintiffs brought suit against Natural Essentials, asserting two federal claims under the ADA and three state law claims under Ohio law. In their ADA claims, detailed in Counts I and II, Plaintiffs alleged that Teresa qualified as disabled under Title I and was terminated in violation of the same, and that she was discriminated against and retaliated against in violation of Titles III and V. Plaintiffs alleged identical violations as to Kevin and Lovejoy based on their association with Teresa and encouragement to her to assert her federal rights. On March 16, 2016, Natural Essentials moved to dismiss for failure to state a claim as to each count. Natural Essentials first argued that Plaintiffs failed to exhaust their administrative remedies as required to bring employment discrimination claims under Titles I and V of the ADA. As to their claims under Titles III and V, Natural Essentials argued that Plaintiffs alleged no facts supporting a plausible public accommodations claim, and moreover, that any such claim would nevertheless be barred by the applicable two-year statute of limitations. The district court granted Natural Essentials' motion to dismiss as to the federal claims and dismissed them with prejudice. The court dismissed the state law claims without prejudice.

Plaintiffs moved to alter or amend the judgment under Federal Civil Rule 59(e) on April 24, 2017. In the same motion, Plaintiffs also moved to file an amended complaint. Plaintiffs first argued that administrative requirements as to their ADA claims were waivable and subject to equitable tolling, and that application of either doctrine was "necessary to avoid manifest injustice." Plaintiffs next argued that Teresa had "at least inferentially stated a prima facie case of

disability discrimination." Plaintiffs argued that they pleaded sufficient facts to demonstrate that Natural Essentials "knew or had reason to know of [Teresa's] actual or perceived disability." Finally, Plaintiffs argued that the dismissal of their ADA claims should have been without prejudice. The district court denied the motion, holding that Plaintiffs merely repeated their argument about waiver, did not establish that the Court erred in concluding that they failed to demonstrate that they were entitled to equitable tolling of the statutory period to file an Equal Employment Opportunity Commission ("EEOC") charge or estoppel, and failed to allege facts from which the fourth element of a prima facie case of disability discrimination could be reasonably inferred.

As to the alternative requests for leave to file an amended complaint or dismiss Counts I and II without prejudice, the court held that Plaintiffs' "threadbare request for leave to amend" failed to satisfy applicable standards and likewise denied Plaintiffs' request for dismissal of their claims without prejudice. Plaintiffs timely appealed the district court orders dismissing their claims and denying their motion for reconsideration.

## II.

We review de novo a district court's dismissal of a complaint pursuant to Rule 12(b)(6). *Crosby v. Univ. of Ky.*, 863 F.3d 545, 551 (6th Cir. 2017). In doing so, we "accept the plaintiff's factual allegations as true, and we view the complaint in the light most favorable to the plaintiff, but we are not required to accept legal conclusions or unwarranted factual inferences as true." *Id.* at 552 (internal citation omitted). We review the application or rejection of equitable tolling or estoppel for abuse of discretion. *King v. Henderson*, 230 F.3d 1358, 2000 WL 1478360, at *5 (6th Cir. 2000) (per curiam) (unpublished table disposition) (citing *Truitt v. Cty. of Wayne*, 148 F.3d 644, 648 (6th Cir.1998)). "A district court abuses its discretion when it relies on clearly erroneous

findings of fact, or when it improperly applies the law or uses an erroneous legal standard."

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)

(quoting *Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir.1995)) (internal quotation marks

and alteration omitted).

Where the district court's denial of a motion to alter or amend is not based upon erroneous

legal doctrine, we review for abuse of discretion. *Morales v. Am. Honda Motor Co.,* 151 F.3d 500,

518 (6th Cir. 1998). We also review the district court's denial of a post-judgment motion for leave

to amend a complaint filed in conjunction with a Rule 59(e) motion for abuse of discretion. *Leisure*

*Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010).

## A. Failure to Exhaust Under the Title I and V of the ADA[1]

A plaintiff seeking to bring employment discrimination claims under the ADA must first

exhaust administrative remedies, and failure to properly exhaust is an appropriate basis for

dismissal of an ADA action. *Mayers v. Sedgwick Claims Mgmt. Servs., Inc.*, 101 F. App'x 591,

593 (6th Cir. 2004) (citing *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). To properly

exhaust administrative remedies under the ADA, a plaintiff must file a charge of discrimination

with the EEOC within 300 days of the alleged discrimination. *Parry v. Mohawk Motors of Mich.,*

*Inc.*, 236 F.3d 299, 309 (6th Cir. 2000) (citing 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e–5(e)(1)).

A plaintiff must then obtain a right-to-sue letter from the EEOC before she can bring suit under

the ADA. *Id.*

---

[1] To the extent the Title V claims are predicated on Title I, we include those claims in this analysis. We also note that, Plaintiffs have not challenged the district court's finding on their claims brought under Title III. The district court dismissed the Title III claims (and Title V to the extent they were predicated on Title III) for failure to allege facts that establish a plausible Title III claim. On appeal, Plaintiffs argue only that those claims were not barred by a statute of limitations. Accordingly, we deem Plaintiffs' appeal of the Title III claims waived.

Plaintiffs argue at length that the failure to obtain a right-to-sue letter is a condition precedent, not a jurisdictional defect, which can be waived by the parties or the court. But as the district court noted, it is not simply that Plaintiffs did not have a right-to-sue letter—Plaintiffs failed to satisfy the first step of administrative exhaustion because Teresa's EEOC charge, filed on March 22, 2016, was untimely.[2] In her charge, Teresa alleged that the discriminatory act took place on September 16, 2013, the date of her termination. Yet her charge was not filed until well after the 300-day limit required by the ADA, which would have been July 13, 2014. *See Parry*, 236 F.3d at 309 (6th Cir. 2000); 42 U.S.C. § 12117(a); 42 U.S.C. § 2000e-5(e)(1). Instead, Teresa did not file her charge until after Natural Essentials filed its motion to dismiss in this case on March 16, 2016. Neither Kevin nor Lovejoy ever filed any charges.

Though Teresa both failed to timely file an EEOC charge and failed to obtain a right-to-sue letter before bringing suit, Plaintiffs argue that under *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982), waiver, estoppel, and equitable tolling are available to them. *Id.* at 393. While it is true that the administrative prerequisites at issue are "subject to waiver, estoppel, and equitable tolling," *id.*, we do not find that the district court erred in finding that none of the abovementioned doctrines are available in this case.

Natural Essentials argues that it plainly did not waive the exhaustion requirements, as this served as the basis for its motion to dismiss. Further, Natural Essentials urges that a district court does not have the discretion to waive the statutory requirement to timely file an EEOC charge. And, indeed, we have stated, "[*Zipes*] did not suggest that the requirement could be set aside or waived in the discretion of the District Court." *Jones v. Truck Drivers Local Union No. 299*, 748 F.2d 1083, 1086 (6th Cir. 1984). Therefore, waiver is not available.

---

[2] As the district court noted, Teresa filed her ADA claim with the Ohio Civil Rights Commission, which constitutes a dual filing with the EEOC.

As to equitable tolling and estoppel, the district court concluded that Plaintiffs had not provided a basis for either doctrine to allow their lawsuit to proceed. Plaintiffs neither made allegations in their complaint regarding either doctrine, nor argued that either should apply in their opposition to Natural Essentials' motion to dismiss. To begin with, equitable tolling is "sparingly bestowed." *Graham-Humphreys*, 209 F.3d at 560. A litigant seeking equitable tolling or estoppel "must come with clean hands." *King*, 230 F.3d 1358, 2000 WL 1478360, at *5 (quoting *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 327 (6th Cir. 1988)) (internal quotation marks omitted). Even a one-day extension is inappropriate unless there are "compelling equitable considerations." *Id.* The Supreme Court has given multiple examples of when equitable tolling is justified, such as inadequate notice, where a motion for appointment of counsel is pending, where the court has led the plaintiff to believe she has done everything required of her, or where the defendant has "lulled the plaintiff into inaction." *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 151 (1984). Plaintiffs have not alleged that any of these circumstances are present in this case.

Moreover, as the district court stated, we have identified five factors to consider when determining whether equitable tolling is appropriate: "(1) lack of notice of the filing requirement; (2) lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Truitt*, 148 F.3d at 648. Plaintiffs repeat their argument below that Teresa was diligent in pursuing redress for her wrongful termination because she brought a state court action in March 2014. But as the district court observed, this goes to demonstrate that Teresa had legal counsel and therefore is presumed to have had constructive knowledge of filing requirements necessary to preserve her claims. *See Jackson v. Richards Med.*

*Co.*, 961 F.2d 575, 579-80 (6th Cir. 1992). At a minimum, then, the first, second, and fifth factors cut against Plaintiffs. We also find the argument that Plaintiffs have been diligent, pursuant to the third factor, questionable, as Teresa only filed an EEOC charge after Natural Essentials moved to dismiss, and well after the deadline. Accordingly, we do not find that the district court abused its discretion in rejecting equitable tolling.

Finally, Plaintiffs make no specific argument as to estoppel, merely repeating that the statute of limitations requirement is subject to estoppel, among the other doctrines. Therefore, this argument is waived. *See Cooper v. Commercial Sav. Bank*, 591 F. App'x 508, 509 (6th Cir. 2015) (holding that appellant waived an argument when he referenced one case but did not otherwise "provide even a modicum of legal argument as to why the district court erred").

We have admonished that plaintiffs should not be encouraged to attempt to bypass the administrative process. *Portis v. Ohio*, 141 F.3d 632, 635 (6th Cir. 1998) (quoting *Pinkard v. Pullman–Standard*, 678 F.2d 1211, 1218 (5th Cir. 1982)). In *Portis*, we ruled in the plaintiff's favor and declined to affirm dismissal of the plaintiff's case for failure to obtain a right-to-sue letter prior to filing suit, observing that the letter's arrival a week after the complaint was filed "caused [defendant] no prejudice in this case." *Id.* at 634. The facts here are manifestly distinguishable, and ruling otherwise would risk providing the encouragement we have cautioned against. Accordingly, we conclude that Plaintiffs failed to exhaust their administrative remedies. Given this, we need not reach the merits of their ADA claims brought under Title I.

**B. Rule 59(e) Motion**

Plaintiffs also appeal the district court's denial of their motion to alter or amend the judgment, as well as the denial of their request for leave to amend their complaint. A district court has discretion to set aside a judgment under Rule 59(e) "based on: '(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.'" *Leisure Caviar*, 616 F.3d at 615 (citing *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). Plaintiffs argue that the district court's ruling on their motion to alter or amend judgment warrants reversal to "prevent manifest injustice or clear error." Plaintiffs do not explain, however, how the district court committed a "clear error of law" in failing to grant their motion for reconsideration. They state only that finality must yield to the equities of a particular case, citing case law outside of this circuit. Given our finding that Plaintiffs failed to exhaust their administrative remedies, the district court did not err in denying the motion to amend the judgment. As the district court noted, Rule 59(e) does not exist to provide an unhappy litigant an opportunity to relitigate issues the court has already considered and rejected. *Davison v. Roadway Exp., Inc.*, 562 F. Supp. 2d 971, 984 (N.D. Ohio 2008). The court concluded that Plaintiffs failed to demonstrate that it made an error of law. We agree.

As to Plaintiffs' motion to amend their complaint, we have held that a claimant who seeks amendment after losing her case "must provide a compelling explanation to the district court for granting the motion." *Leisure Caviar*, 616 F.3d at 617 (emphasis in original). A claimant must present the same factors we consider in a Rule 59(e) motion. *Id.* at 616 (citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002)). Plaintiffs make no argument regarding newly discovered evidence, and as with their argument regarding the motion to amend the judgment,

Plaintiffs do not demonstrate a clear error of law that warrants reversal to allow them to amend their complaint.

Finally, Plaintiffs make a perfunctory argument that the district court erred when it dismissed their ADA claims with prejudice. Plaintiffs state that they could have addressed "the few pleading issues" identified by the district court in a new complaint. Given our findings that Plaintiffs' claims were properly dismissed for failure to exhaust and that Plaintiffs failed to challenge the district court's finding under Title III, no amendment would cure the defects inherent in this case. Accordingly, we find that the district court did not err in dismissing Plaintiffs' ADA claims with prejudice.

III.

For the reasons set forth above, we AFFIRM the district court.